Daniel, J.
 

 We think that the lawfulness of the seizure did not depend upon what the Constable declared, but upon the sufficiency of' the authority which he had.
 
 State
 
 v.
 
 Kirby, 2 Ired.
 
 201. Suppose an officer has in his hands a legal and an illegal warrant, and he arrests by virtue of the illegal warrant, yet he may justify by virtue of the legal one; for it is not what he declares, but the authority which he has, that is his justification. It was not material to have inquired what the defendant said when he seized the mare, but only whether he then had a legal authority to justify him.
 
 Crowther
 
 v.
 
 Ramsbottom,
 
 7 T. R. 658 (Lawrence, J.)
 
 Dr. Grenville
 
 v.
 
 the College of Physicians,
 
 12 Mod. 386. The declaration or intention of the defendant, at the time he seized the horse, thus appears to have been immaterial; and as Justice Lawrence said, it was improper to leave it to the
 
 *252
 
 jury, since, upon a.plea and demurrer, the execution was
 
 “per sc”
 
 a legal justification.
 

 Per Curiam. Judgment reversed and a
 
 venire dc novo.